IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AURUM TITLE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3033-N |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Richmond National Insurance Company's ("Richmond") motion to dismiss [7], and Plaintiff Aurum Title, Inc.'s ("Aurum") motion for leave to file an amended complaint and motion to remand [19, 21]. Because Aurum's proposed amended complaint does not properly join its proposed defendants, the Court denies Aurum's motion for leave and denies Aurum's motion for remand. Furthermore, because Aurum fails to state a plausible claim, the Court grants Richmond's motion to dismiss and grants Aurum leave to amend its claims, but not to add new parties.

## I.   ORIGINS OF THE MOTIONS

This case arises from an insurance coverage dispute. Pl.'s Original Pet. ¶¶ 8-28. Aurum is a real estate business that offers escrow and title services.[1] *Id*. ¶ 7. Aurum purchased two insurance policies: (1) a crime protection policy for fraudulently induced

---

[1] For the purposes of the motion to dismiss, the Court accepts Aurum's well-pleaded allegations as true.

MEMORANDUM OPINION AND ORDER – PAGE 1

transfers from Defendant The Ohio Casualty Insurance Company (misidentified as Liberty Mutual Insurance) ("Ohio Casualty"), and (2) a professional liability errors and omissions policy from Richmond. *Id*. ¶¶ 17, 22. Aurum employs Shellie Haas. *Id*. ¶ 9. While closing a transaction, Haas attempted to pay a lien on behalf of a client and fell victim to a fraudulent wire transfer on April 30, 2025. *Id*. ¶ 8. Aurum incurred a loss of $247,881.03. *Id*. ¶ 10. Aurum reported the loss, but both Ohio Casualty and Richmond denied Aurum's claim. *Id*. 17, 19, 24-25.

Aurum filed a case against Richmond and Ohio Casualty in state court. *See* Notice of Removal [1]. Ohio Casualty removed the case to this Court. Richmond moved to dismiss under Rule 12(b)(6). Aurum moved for leave to amend its complaint to include four new nondiverse defendants and to remand the case to state court. The nondiverse defendants (the "Agent Defendants") are (1) Haas, Aurum's consultant[2] and escrow agent, (2) Haas's company, FXN Closing Solutions ("FXN"), (3) Allan Brevard, an insurance agent, (4) and Brevard's business Dexter & Company ("Dexter"). Pl.'s Mot. for Leave 7.

## II.   THE COURT DENIES AURUM'S MOTION TO ADD DEFENDANTS

### A.   *Legal Standard for Joinder*

The Court denies Aurum's motion for leave to file an amended complaint joining the four additional defendants. Under Federal Rule of Civil Procedure 15(a), a court shall grant leave to amend "freely . . . when justice so requires." FED. R. CIV. P. 15(a)(2).

---

[2] Aurum refers to Haas's role inconsistently in its pleadings. In its state petition Aurum alleges she is an employee, Pl.'s Pet. ¶ 9, but in its motion to amend Aurum changes its allegations and refers to her as a consultant and independent contractor, Pl.'s Mot. to Amend 6.

MEMORANDUM OPINION AND ORDER – PAGE 2

However, after removal, if "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).  Accordingly, a party's right to amend its pleadings is not freely available when the amended complaint would destroy diversity.  *See, e.g.*, *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (A "diverse defendant can argue that a post-removal joinder is improper before the court grants the plaintiff leave to amend."); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment.").

The "district court, when confronted with an amendment to add a nondiverse[,] nonindispensable party, should use its discretion in deciding whether to allow that party to be added." *Hensgens*, 833 F.2d at 1182.  To that end, courts consider the following factors in determining whether to permit amendment: (1) whether the purpose of the amendment is to defeat diversity jurisdiction, (2) whether the party has been diligent in requesting amendment, (3) whether the party will suffer prejudice if the court denies amendment, and (4) any other factors bearing on the equities of amendment.  *Hensgens*, 833 F.2d at 1182; *accord Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2009).

### B. The Court Denies Leave to Amend

Because Aurum seeks to add claims against Agent Defendants, citizens of Texas, the amendment would destroy diversity. The Court must, therefore, weigh the *Hensgens* factors to determine whether to grant leave to amend.

The first factor, whether the purpose of the amendment is to defeat diversity jurisdiction, weighs against amendment. When examining the first factor, courts consider whether the plaintiff knew about the facts giving rise to the claims when he filed the state court complaint. *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, 2012 WL 534838, at *2 (W.D. Tex. 2012). Courts also examine whether the proposed amendment states a valid claim. *See Parish Disposal Indus., LLC v. BFI Waste Servs., LLC*, 2014 WL 2207870, at *5 (W.D. La. 2014) (citing cases).

Here, Aurum knew or should have known about the Agent Defendants' activities prior to filing its lawsuit in state court. Aurum's proposed amendment would add claims against Agent Defendants for negligence and a breach of Texas Insurance Code ("TIC") section 541.061. Pl.'s Am. Compl. ¶ 71-81. Aurum maintains that it could not have known at the time of filing that Richmond denied coverage because Haas fell for fraud. Pl.'s Reply 3 [27]. However, Aurum had sufficient information at the time of filing to form the basis of these additional claims.

Upon review of the proposed amendment and the original petition, the additional facts asserted relate to pre-suit policy procurement conduct between representatives of Aurum and Agent Defendants, such as Brevard and Dexter. As these are communications Aurum was a part of, they were available to Aurum prior to filing its state court petition.

MEMORANDUM OPINION AND ORDER – PAGE 4

Additionally, Aurum knew the identities of all the Agent Defendants when it filed its original state-court complaint but deliberately chose not to sue them. *E.g.*, Pl.'s Pet. ¶ 9 (identifying Haas and the actions she took). For these reasons, the Court finds the first factor leans in favor of denying amendment.

The second factor, whether Aurum was dilatory in seeking leave to amend, weighs against amendment. "When determining if a plaintiff was dilatory in seeking to amend, courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between removal and the amendment." *Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, at *4 (E.D. La. 2006) (internal quotation marks omitted). Here, Aurum moved to amend about two months after filing its state court petition and one and a half months after removal. On these facts, the Court concludes that Aurum was dilatory – this factor weighs against amendment. *See O'Connor v. Auto. Ins. Co. of Hartford*, 846 F. Supp. 39, 41 (E.D. Tex. 1994) (finding dilatoriness when the plaintiff could have sued the proposed agent defendant in state court).

The third factor, whether denying amendment will prejudice Aurum, does not weigh for or against amendment. "A plaintiff may be prejudiced considering the financial burden imposed by forcing [him] to maintain two parallel lawsuits arising out of the same facts in two different courts." *Schindler v. Charles Schwab & Co.*, 2005 WL 1155862, at *4 (E.D. La. 2005). In this case, however, the claims against the Agent Defendants and insurers do not arise out of the same facts. Aurum attempts to bring claims against Haas for actions she took or should have taken during the alleged fraudulent transfer. Pl.'s Am. Compl. ¶¶ 72-73. Similarly, the claims against Brevard and Dexter relate to various alleged

MEMORANDUM OPINION AND ORDER – PAGE 5

misrepresentations in procuring the policy. *E.g.*, *Id*. ⁋ 76. On the other hand, although the claims against Ohio Casualty and Richmond relate to alleged damages from the wire transfer, it was for the denial of coverage *after* the fraudulent conduct.

Additionally, in assessing the third factor, courts also consider "whether a plaintiff can be afforded complete relief without the amendment." *Id*. "Courts have found there to be no prejudice to the plaintiff when the current defendant would be able to satisfy a future judgment." *Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012). There is no indication that Ohio Casualty and Richmond would be unable to satisfy a judgment against them. Accordingly, the Court finds that the third factor weighs against amendment.

The fourth factor, the equities, is also neutral. The Defendants urge this Court to consider Defendants' interest in their choice of forum and the burdens of parallel litigation. The Court has already analyzed these considerations in assessing the first three *Hensgens* factors and therefore does not consider them under the fourth factor. In the absence of any additional equitable considerations, this factor does not weigh for or against amendment. *See Ocotillo Real Est. Invs. I LLC v. Lexington Ins. Co.*, 2015 WL 11120867, at *1–2 (N.D. Tex. 2015).

After weighing these factors, the Court denies Aurum leave to amend its complaint.

### III.    THE COURT DENIES THE MOTION TO REMAND

Aurum also moved to remand the case back to state court after its motion for leave to file an amended complaint adding the four Agent Defendants. Aurum based its motion for remand on the argument that it was adding nondiverse defendants. Pl.'s Mot. for

MEMORANDUM OPINION AND ORDER – PAGE 6

Remand 3. Because the Court denied Aurum's request to join the Agent Defendants, it likewise denies the motion to remand.

## IV. THE COURT GRANTS RICHMOND'S MOTION TO DISMISS

### A. Legal Standard to Dismiss

When addressing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). Thus, a district court may properly consider contracts or other documents that are not attached to the complaint, but are referenced in and central to it, and attached to a defendant's Rule 12(b)(6) motion. *See Inclusive Cmtys. Proj., Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

A viable complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

MEMORANDUM OPINION AND ORDER – PAGE 7

*Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id*. (internal citations omitted)

### B. Aurum Fails to Plead a Plausible Breach of Contract Claim

The insured bears the burden of establishing that the terms of the insurance policy covers her claim. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). But if the insured establishes coverage, then to avoid liability, the insurer has the burden to prove that the loss falls within an exclusion under the policy. *Id*. When "the plaintiff's petition makes allegations which, if proved, would place the plaintiff's claim within an exclusion from coverage, there is no duty to defend." *Gore Designs Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 370 (5th Cir. 2008). (internal quotations and citations omitted). But the burden of proving that the exclusion applies rests with the insurance company. TEX. INS. CODE § 554.002.

Aurum sufficiently pleads that its policy covered this event. Aurum alleged its policy with Richmond was an insurance contract for errors and omissions that occur in the performance of professional escrow or closing agent services. Pl.'s Pet. ₱ 23. During a closing, Haas allegedly fell for a fraud scheme and Aurum reported this loss under the policy to Richmond. *Id*. ₱₱ 9–10, 24. It also pleads that Richmond breached their insurance contract "by denying [Aurum]'s covered claim and denying [Aurum] full payment under the Policy." *Id*. ₱₱ 29–36. Thus, Aurum has met its burden of pleading coverage.

However, the terms of the policy exclude the alleged fraudulent wire scheme. The insurance policy excludes coverage for "any damages or claim expenses in connection with

MEMORANDUM OPINION AND ORDER – PAGE 8

any claim based upon, directly or indirectly arising from, in any way related to, or in any way involving . . . [a]ny social engineering fraud." Def.'s Mot. to Dismiss Ex. 1 at 6. Social engineering fraud is further defined as "any fraudulent act, misrepresentation, scheme, trick, device, or false pretense" that misleads Aurum to transfer or lose its client's money. Pl.'s Pet. ¶ 26. Here, Aurum alleged that Haas was seeking to pay a remaining lien on behalf of a client as part of a closing. She was following instructions from what she thought was the reported bank when she sent client funds to the fraudster. Therefore, Richmond has met its burden of proving the allegations in the petition allege facts squarely within the plain language of social engineering.

Because the petition does not allege facts that fall outside of the exclusion and within the scope of coverage, Aurum fails to plead a plausible breach of contract claim and the Court grants Richmond's motion to dismiss this claim.

### C. Aurum Fails to Plead Plausible Chapter 541 Claims

Aurum alleged that Richmond violated sections 541.060 (a)(1), (2)(A)[3], (3), (7), and 541.061(a)(1). Section 541.060(a) provides a cause of action against an insurer that engages in unfair settlement practices. TEX. INS. CODE § 541.060. Section 541.061 governs misrepresentations of the insurance policy. TEX. INS. CODE § 541.061.

#### 1. Aurum's section 541.060(a)(1), and 541.061(a) claims fail as a matter of law.

- These provisions of the Texas Insurance Code ("TIC") apply to misrepresentations of

---

[3] Aurum's state petition stated it brought a claim under section 541.060(a)(2)(4). There is no subsection (a)(2)(4). The Court construes this as a claim under (a)(2)(A) because Aurum, in that same paragraph, alleged that "liability had become reasonably clear." Pl.'s Pet. ¶ 39. This allegation mirrors the language of (a)(2)(A).

MEMORANDUM OPINION AND ORDER – PAGE 9

the terms of coverage on its face.  Aurum alleges that Richmond "misrepresented material fact and policy provision relating to the coverage."  Pl.'s Pet. ⁋ 38.

Aurum's complaint does not cite to the terms of the policy or explain what part of the policy Richmond misrepresented.  *See, e.g.*, *Thomas v. State Farm Lloyds*, 2015 WL 6751130, at *3 (N.D. Tex. 2015) (explaining that "an insurer does not misrepresent a policy when it disagrees with the insured party as to whether the policy covers a claim").  Because Aurum's arguments relate to the wrongful denial of coverage rather than misrepresentations about the policy, the Court dismisses Aurum's section 541.060(a)(1) and 541.061 claims.

*2. Aurum fails to plausibly plead a section 541.060(2)(A) claim.* -  Aurum alleges that Richmond "failed at all material times to effectuate prompt, fair and equitable settlement of [Aurum's] claim, after its liability had become reasonably clear."  Pl.'s Pet. ⁋ 39.  However, such a claim fails where the insurer "had a reasonable basis for denying" the claim.  *Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 870 (5th Cir. 2014).  Here, given the Court's holding that Aurum is not entitled to coverage for its claim, Richmond had a reasonable basis for denying coverage.  Accordingly, the Court grants Richmond's motion to dismiss Aurum's section 541.060(a)(2)(A) claim.

*3. Aurum fails to plausibly plead a section 541.060(3) claim.* -  Section 541.060(a)(3) requires insurers to "provide to a policyholder a reasonable explanation of the basis in the policy in relation to the facts or applicable law."  TEX. INS. CODE § 541.060(a)(3).  Here, Aurum's claim fails because it admitted that Richmond provided an explanation for the decision, and that it merely disagreed with it.  *See* Pl.'s Pet. ⁋ 25

MEMORANDUM OPINION AND ORDER – PAGE 10

("[Richmond] denied coverage for the loss and after its claim investigation determined the loss was not due to [Aurum's] errors, or omissions . . . ."); *Birdow v. State Farm Mut. Automobile Insurance Co.*, 2021 WL 5448973, at *7 (N.D. Tex. 2021) (explaining that a challenge to the adequacy of an explanation is not sufficient to state a section 541.060(a)(3) claim).

*4. Aurum fails to plead a plausible section 541.060(a)(7) claim.* - Aurum alleges Richmond violated the TIC "by refusing to pay claim without conducting reasonable investigation or analysis with respect to the claim." Pl.'s Pet. ⁋ 40. However, Aurum does not allege any facts demonstrating how Richmond's investigation was unreasonable. [4] Even taking all facts it did plead as true, this is conclusory. Pl.'s Pet. ⁋⁋ 25, 28 (alleging Richmond "denied coverage for the loss" and "failed to adequately investigate and adjust" the loss). Accordingly, the Court dismisses Aurum's section 541.060(a)(7) claim.

### D. *Aurum Fails to Plausibly Plead a Breach of Good Faith and Fair Dealing*

Aurum abandoned its breach of good faith and fair dealing claim by failing to address it at all in its response. Regardless, this claim, as pleaded, fails as a matter of law. [5] "As a

---

[4] Aurum alleges that Ohio Casualty, a codefendant, rendered its decision within six days and relying only on one verbal conversation. Pl.'s Pet. ⁋ 40. However, Aurum does not allege any similar facts as to Richmond.

[5] Richmond argues that Aurum has no claim because under Texas law, a claim for breach of the duty of good faith and fair dealing is only available in the first-party context. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 53 n.2 (Tex. 1997). The Court need not reach this analysis, but notes that, as pleaded in its state petition, Aurum does not make clear whether it seeks recovery for its client's injury or its own in the form of a reimbursement. *E.g.*, Pl.'s Pet. ⁋⁋ 8, 22–23, 27. The Fifth Circuit has interpreted reimbursements as a first-party claim in some contexts. *E.g.*, *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 341 F.3d 415, 425 (5th Cir. 2003).

MEMORANDUM OPINION AND ORDER – PAGE 11

general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered." *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 507 (N.D. Tex. 2011), *aff'd*, 709 F.3d 515 (5th Cir. 2013). Because Aurum has not pleaded facts showing that the policy covered its claim, it has no claim for bad faith. Accordingly, the Court dismisses Aurum's claim for a breach of good faith and fair dealing.

### E. Aurum Fails to Plausibly Plead a Texas Deceptive Trade Practice Act Claim

Finally, Aurum alleges Richmond breached the Texas Deceptive Trade Practice Act ("DTPA") section 17.46(b)(2), (5), (7), (12), (20), and (24). Aurum fails to plausibly allege any of its DTPA claims. Its allegations are merely restatements of DTPA language and thus conclusory. *E.g.*, Pl.'s Pet. ⁋ 56 (Alleging that Richmond violated the DTPA by "[c]ausing confusion or misunderstanding as to the source or approval of the insurance policy.").[6]

Nevertheless, these are stand-alone claims based on, at best, an alleged breach of contract. Aurum does not allege that Richmond ever represented that the policies had characteristics or involved rights which they do not have or involve. Rather, Aurum's position in this case is that the policies *do* have characteristics and rights which Richmond is failing to recognize appropriately. Pl.'s Pet. ⁋⁋ 27–28. Such a failure is properly characterized as a breach of contract, not a misrepresentation under the DTPA. *E.g.*,

---

[6] Aurum also seems to have inadvertently misplead some facts. Accordingly, the Court disregards paragraph 56 and orders Aurum to correct this allegation if it amends its complaint. Pl.'s Pet. ⁋ 56 ("Misrepresenting to the insureds coverage being reached under mold limitation, when damages sustained by insureds were not related to mold.")

MEMORANDUM OPINION AND ORDER – PAGE 12

*Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 563 (S.D. Tex. 2012); *see also Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014). Accordingly, the Court dismisses Aurum's claims under DTPA.

### CONCLUSION

The Court denies Aurum's motion for leave to amend its complaint and denies its motion for remand.  Next, the Court grants Richmond's motion to dismiss all of Aurum's claims.  Finally, the Court grants Aurum leave to amend its complaint, but does not grant Aurum leave to add new parties.  If Aurum does not file an amended claim within 30 days, the Court will dismiss Aurum's claims with prejudice without further notice.

Signed July 22, 2026.

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 13